IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF D.R.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF D.R., ALLEGED TO BE A MENTALLY ILL DANGEROUS PERSON.

D.R., APPELLANT,

V.

LANCASTER COUNTY MENTAL HEALTH BOARD, APPELLEE.

Filed January 30, 2018.   No. A-17-030.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, Kristi Egger, and Haleigh Brockman, Senior Certified Law Student, for appellant.

Joe Kelly, Lancaster County Attorney, and, on brief, Ryan Mick Swaroff for appellee.

PIRTLE and RIEDMANN, Judges, and INBODY, Judge, Retired.

INBODY, Judge, Retired.

INTRODUCTION

D.R. appeals the Lancaster County District Court order affirming the decision of the Lancaster County Mental Health Board (Board) finding him to be a dangerous sex offender in need of inpatient treatment.

STATEMENT OF FACTS

In October 2015, the Lancaster County Attorney filed a petition before the Board requesting a hearing to determine whether D.R. was a dangerous sex offender and further requesting the Board determine the least restrictive form of treatment. By order dated October 13,

2015, upon stipulation of the parties, the Board found by clear and convincing evidence that D.R. was a mentally ill and dangerous person. Outpatient commitment for sex offenders through the STOP program was deemed the least restrictive form of treatment for D.R.

On October 20, 2015, Drs. Paine and Giles authored another letter to the Board stating that they no longer deemed it appropriate for D.R. to be treated or managed in an outpatient setting. This was based, in part, on D.R.'s disclosure that he had sexual intercourse with his developmentally challenged stepgranddaughter (also referred to as his stepdaughter) over 20 times; he had solicited prostitution in the past 13 months; and he had viewed online sexually explicit material on numerous occasions including pornography depicting forced sex. D.R. was terminated from the STOP program. Drs. Paine and Giles believed inpatient treatment was the least restrictive level of care.

On October 21, 2015, the State filed a Motion for Reconsideration of Petition Conditions alleging D.R. was not following his treatment plan; the treatment plan was ineffective; and/or there had been a significant change in his mental illness. The following day, a hearing was held before the Board after which the Board sustained the State's motion and found D.R. was a dangerous sex offender and inpatient commitment for sex offender treatment was the least restrictive treatment alternative for D.R.

Upon D.R.'s request, the Board had a review hearing on March 15, 2016. D.R. asked the Board to set aside and vacate previous stipulations by him wherein he stipulated that he was a dangerous sex offender in need of Board-ordered treatment and wherein he further stipulated he remains a person with a mental illness making him likely to engage in repeated acts of sexual violence and/or that he is a person with a personality disorder and the least restrictive treatment alternative is inpatient commitment. In the alternative, he asked that a hearing be held to determine the least restrictive treatment alternative. The Board overruled D.R.'s request to withdraw his previous stipulations and found inpatient treatment was the least restrictive treatment alternative.

The Board held another hearing on August 23, 2016, upon D.R.'s subsequent written requests for a review hearing. D.R. testified regarding what he thought were insufficiencies in the treatment he was receiving at the Norfolk Regional Center (NRC) and asked to be considered for outpatient treatment.

Michael Gettman, a social worker and therapist at NRC, testified that D.R. is in one of the sex offender groups that he facilitates. At NRC, there are four levels to work through in the program and, generally, an offender must be on the third level to go to the Lincoln Regional Center for further treatment. In order to advance to the next level, an offender must complete assignments and follow their treatment plan. The assignments are called "core assignments" and include areas such as the role and purpose of sex offender treatment, the offender's autobiography or life story, and assaultive history. At the time of the hearing, D.R. was on level one after being at NRC for approximately nine months. In addition to attending the sex offender therapy group three times per week, D.R. also attends groups including dialectical behavior therapy, personal development, reflections and goal setting, community living skills, and peer-led groups.

Gettman described that D.R. could be defensive, blaming, and hostile toward others while participating in group therapy. He also becomes defensive easily and has a number of triggers causing him to become verbally aggressive and to start focusing on other people rather than what he needs to do to move forward. D.R. also has a hard time not personalizing and generally becomes

closed-minded, gets defensive, controlling, and overreacts. Gettman testified that D.R. was displaying more at-risk behaviors than just the alleged touching of his stepgranddaughter (also referred to as his stepdaughter) such as viewing pornography. He further testified that D.R. is not ready to be discharged from inpatient treatment and is still in need of inpatient treatment at NRC which is a sex-offender-specific treatment program.

Following the hearing, the Board entered an order finding that D.R. continues to be a dangerous sex offender as he stipulated in October 2015 and he is not ready for less restrictive treatment than his current inpatient commitment to NRC.

D.R. appealed to the Lancaster County District Court alleging the evidence was insufficient to support a finding by clear and convincing evidence that he is a dangerous sex offender in need of Board-ordered inpatient treatment. A hearing was held before the district court on November 29, 2016, during which three exhibits were received into evidence: a 78-page bill of exceptions from the August 23 hearing before the Board, a copy of D.R.'s treatment schedule, and a supplemental transcript containing the pleadings filed before the Board. Thereafter, on December 9, the district court affirmed the Board's decision.

## ASSIGNMENT OF ERROR

D.R.'s sole assignment of error is that the district court erred in affirming the Board's decision finding that he is a dangerous sex offender in need of inpatient treatment.

## STANDARD OF REVIEW

The district court reviews the determination of a mental health board de novo on the record. *In re Interest of S.J.*, 283 Neb. 507, 810 N.W.2d 720 (2012). In reviewing a district court's judgment, an appellate court will affirm unless it finds, as a matter of law, that clear and convincing evidence does not support the judgment. *Id.*

## ANALYSIS

In this case, the review hearing before the Board was brought by D.R. See Neb. Rev. Stat. § 71-1219(1) (Reissue 2009). The Board

> shall immediately discharge the subject or enter a new treatment order with respect to the subject whenever it is shown by any person or it appears upon the record of the periodic reports filed under section 71-1216 to the satisfaction of the board that (a) the subject's mental illness or personality disorder has been successfully treated or managed to the extent that the subject no longer poses a threat to the public or (b) a less restrictive treatment alternative exists for the subject which does not increase the risk that the subject will commit another sex offense.

§ 71-1219(2).

Under the plain language of § 71-1219(2), the Board "must determine whether the subject's mental illness or personality disorder has been 'successfully treated or managed,' which necessarily requires the [mental health] board to review and rely upon the original reason for commitment." *In re Interest of D.I.*, 281 Neb. 917, 925, 799 N.W.2d 664, 671 (2011). Further, once the subject of a petition has exercised his or her right to a review hearing, and asserted that

there are less restrictive treatment alternatives available, the State is required to present clear and convincing evidence that a less restrictive treatment alternative is inappropriate; thereafter, the subject may further rebut the State's evidence. *In re Interest of D.I., supra*.

Quite simply, there is clear and convincing evidence to support the district court's order affirming the Board's decision finding D.R. to be a dangerous sex offender in need of inpatient treatment. D.R. is only on level one of level four of the program at NRC and Gettman testified that D.R. has displayed at-risk behaviors and is not ready to be discharged from inpatient treatment and is still in need of inpatient treatment at NRC. Thus, the order of the district court is affirmed. D.R.'s motion for appointment of substitute counsel is overruled as moot.

AFFIRMED.